**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

SAFEPOINT INSURANCE COMPANY                                      PLAINTIFF

V.                                                                CAUSE NO. 1:25cv382TBM-RPM

DCD DEVELOPMENT, LLC, DAVID CURTIS
DREHER, JR., LYNSEY DAVIS DREHER,
WILLIAM JOHN GARRIGA and BERTIE FAYE
GARRIGA, as Trustees of the B&F LIVING TRUST,
KRISTEN GARRIGA and BRENT GARRIGA                               DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW PLAINTIFF**, **SAFEPOINT INSURANCE COMPANY** (hereinafter

"SafePoint"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 2201 and Rule

57 of the Federal Rules of Civil Procedure, and files this Complaint for Declaratory Judgment

("Complaint"). In support of its Complaint, SafePoint submits the following:

## JURISDICTION

1. SafePoint is an insurance company organized and existing under the laws of the State of

Florida with its principal place of business in Tampa, Florida.

2. DCD Development, LLC, is a Mississippi limited liability company and its members,

David Curtis Dreher, Jr., and Lynsey Davis Dreher, parties herein, are Mississippi residents.

3. William John Garriga and Bertie Faye Garriga are Mississippi residents and are trustees of

the B&F Living Trust, a juridical person with citizenship and residency in Mississippi.

4. Brent Garriga and Kristen Garriga are Mississippi residents.

5. The United States District Court for the Southern District of Mississippi, Southern Division

has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 (a) and Federal Rule

of Civil Procedure 57, seeking a declaratory judgment concerning SafePoint's rights and duties

under the insurance policy contract issued to DCD Development.

6. There is complete diversity of citizenship between the Plaintiff, a Florida insurance company with its principal place of business in Florida and the defendants, either individual resident citizens or a juridical entity all of Mississippi, as required under 28 U.S.C. § 1332 (a) and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in the Southern Division because the  land in question is located in Hancock County, Mississippi and the adjacent property which is also the subject of the underlying First Amended Complaint is located in Harrison County, Mississippi and a substantial part of the events giving rise to the application for insurance and the demand for defense and indemnity occurred in Hancock or Harrison County, Mississippi.

8. This Court has personal jurisdiction over all defendants because the real property of DCD Development and of the B&F Living Trust, of which Brent Garriga is the sole beneficiary and where Brent Garriga and Kristen Garriga live is all located in Hancock and Harrison County, Mississippi.

## DECLARATORY JUDGMENT FACTS

9. William John Garriga and Bertie Faye Garriga are Mississippi residents and are trustees of the B&F Living Trust.  They, along with Brent Garriga and Kristen Garriga have filed a lawsuit in the County Court of Harrison County, Mississippi, First Judicial District, against DCD Developments, LLC, David Curtis Dreher Jr., and Lynsey Davis Dreher.  The cause number of that lawsuit is 24CO1:25-cv-01537, and the First Amended Complaint is attached as Exhibit 1.

10. The factual allegations of the First Amended Complaint claim DCD Developments, in the course of developing its "Kapalama Development" unreasonably and substantially altered the natural topography and drainage patterns of the land, including grading, constructing impervious surfaces and installing or failing to install appropriate stormwater controls resulting in

the natural flow of rainwater materially and DCD Developments artificially diverted onto property owned by the B&F Living Trust and occupied by Brent and Kristen Garriga and described as "channeling unreasonable and excessive amounts of water onto [their] property."

11. The First Amended Complaint alleges the altered drainage conditions have caused and continue to cause substantial and unreasonable flooding, pooling, soil erosion and other damages to Plaintiffs' land, with the first intrusion having occurred on April 18, 2024 when the land owned by the B&F Living Trust experienced water intrusion due to DCD Development's activities on the Kapalama site.

12. The First Amended Complaint further alleges a subsequent incident began on July 10, 2025, when DCD Developments caused raw sewage from the Kapalama site to be discharged, leaked or otherwise to accumulate on land owned by the B&F Living Trust and occupied by Brent and Kristen Garriga.

13. The First Amended Complaint alleges these actions constitute a violation of Mississippi law, particularly Miss Code. Ann. § 49-17-29 and so constitutes negligence *per se,* and is otherwise intentional or otherwise natural and probable consequences of DCD Developments' acts and omissions, done with reckless disregard for the property rights of B&F Living Trust and Brent and Kristen Garriga.

14. Finally, the First Amended Complaint alleges DCD Developments created a private nuisance via the pooling of stormwater and raw sewage emitting noxious odors, posing serious health risks and rendering portions of the property unusable and unsafe, thereby creating a private nuisance for which the B&F Living Trust and Brent and Kristen Garriga demand actual and punitive damages in an unspecified amount sufficient to punish DCD Developments and to deter similar future conduct.

15. SafePoint issued a policy of insurance, attached in its entirety as Exhibit 2, on October 4, 2023, as Policy Number SMPK0001058-01.  The policy is described as a Business Advantage Program Commercial Non Residential Policy with Commercial General Liability Coverage including Bodily Injury and Property Damage Liability subject to the terms of the policy's Insuring Agreement and Exclusions.  (Exhibit 2 at page *SAFEPOINT 000071-SAFEPOINT 000076*)

16. The Commercial General Liability Coverage Form states, "Various provisions in this policy restrict coverage."  (Exhibit 2 at page *SAFEPOINT 000071*)

17. In Section I – Coverages, under Coverage A – Bodily Injury and Property Damage Liability, the following language appears at section 1, Insuring Agreement, section a: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies.  We will have the right and duty to defend the insured against any 'suit' seeking those damages.  However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."  (Exhibit 2 at *SAFEPOINT 000071*)

18. Also in Section I – Coverages, Coverage A, Insuring Agreement Section 1 b, the policy states, "This insurance applies to 'bodily injury' and 'property damage' only if: (1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory.'" (Exhibit 2 at *SAFEPOINT 000071*)

19. Under Section I- Coverages, Coverage A, Insuring Agreement, Section 2 Exclusions, the policy reads at section a, "This insurance does not apply to a. Expected or Intended Injury 'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured." (Exhibit 2 at *SAFEPOINT 000072*)

20. A separate exclusion exists under that same section f for Pollution, stating "(1) 'Bodily injury' or 'property damage' arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants':  (a) at or from any premises, site or location which is or was at any time owned … by …any insured." (Exhibit 2 at *SAFEPOINT 000073*)

21. The Section f Pollution exclusion also excludes coverage under section (2) for "[a]ny loss, cost or expense arising out of any (a) Request, demand, order or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, 'pollutants'…." (Exhibit 2 at *SAFEPOINT 000074*)

22. Coverage B is described as Personal and Advertising Injury Liability and contains the same language in the Insuring Agreement at Section 1 a as cited in Paragraph 19 above. The Exclusions for this coverage at Section 2 m state "This insurance does not apply to  … '[p]ersonal … injury arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time."  Section n excludes pollution-related liability as "[a]ny loss, cost or expense arising out of any [r]equest, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to or assess the effects of 'pollutants'…." (Exhibit 2 at *SAFEPOINT 000073* and *SAFEPOINT 000077*)

23. The policy includes the following definitions:  "'Occurrence' means an accident, including continuous or repeated exposure to substantially the same harmful conditions…

'personal and advertising injury' means injury, including consequential 'bodily injury' arising out of one or more of the following offenses:  …  'The wrongful … entry into, or invasion of the right to private occupancy of a …premises that a person occupies, committed by or on behalf of its owner'…"

'Pollutants' mean any solid, liquid, gaseous or thermal irritant or contaminant, including …

fumes, acids, alkalis, chemicals and waste.

'Property damage' means physical injury to tangible property including all resulting loss of

use. Loss of use of tangible property that is not physically injured." (Exhibit 2 at *SAFEPOINT 000085*)

"'Fungi' means any type or form of fungus, including mold or mildew and any mycotoxins,

spores, scents or byproducts produced or released by fungi." (Exhibit 2 at *SAFEPOINT 000106*)

24. The policy contains a Total Pollution Exclusion Endorsement, CG 21 49 09 99, which

excludes coverage under the Commercial General Liability Coverage Party by replacing Exclusion

f under Paragraph 2, Exclusions of Section I – Coverage A – Bodily Injury and Property Damage

Liability with the following language:

"f. Pollution (1) 'Bodily injury' or 'property damage' which would not have occurred in whole

or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release

or escape of 'pollutants' at any time." and "2. Any loss, cost or expense arising out of any (a)

Request demand, order or statutory or regulatory requirement that any insured or others test for,

monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or asses

the effects of 'pollutants;' …" (Exhibit 2 at *SAFEPOINT 000096*)

25. The policy contains a Fungi or Bacterial Exclusion, added to Paragraph 2, Exclusions of

Section I -Coverage A – Bodily Injury and Property Damage Liability, 2. Exclusions, stating

"This insurance does not apply to Fungi or Bacteria b. Any loss, cost or expenses arising out of

the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying,

neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of

'fungi' or bacterial by any insured or by any other person or entity."   The same language is added to the Personal and Advertising Injury Liability Exclusion. (Exhibit 2 at *SAFEPOINT 000099*)

26. The policy contains an exclusion (Causes of Loss – Special Form CP 10 30 09 17 B.1.a.1) for any loss or damage caused directly or indirectly by "the enforcement of or compliance with any ordinance or law regulating the construction, or use of any property." (Exhibit 2 at *SAFEPOINT 000041*)

27. The policy contains an exclusion (Causes of Loss – Special Form CP 10 30 09 17 B.1.g) for any loss or damage caused directly or indirectly by "flood, surface water, … overflow of any body of water . . . all whether or not driven by wind (including storm surge); regardless of whether the water backs up, overflows, or is discharged from a sewer, drain, sump, sump pump or related equipment," whether by an act of nature or is otherwise caused."  (Exhibit 2 at *SAFEPOINT 000042*)

## DECLARATORY JUDGMENT

28. SafePoint re-alleges and incorporates by reference the foregoing paragraphs 1-27 as if fully set forth herein.

29. Safepoint has complied with all conditions precedent to bringing this Complaint for Declaratory Judgment.

30. The Plaintiffs in the lawsuit which is attached as Exhibit 1 assert 3 counts or causes of action in their Amended Complaint against the defendants to that lawsuit.

31. Sewage is a pollutant and contains both fungi and bacteria.

32. Count I of the Amended Complaint alleges the Defendants to that lawsuit breached a duty of care to avoid unreasonably altering natural drainage so as to prevent foreseeable harm to the Plaintiffs as neighboring landowners by negligently grading and maintaining property in a manner

7

that diverted water and sewage onto plaintiff's land and by failing to implement and maintain effective drainage and sewage control systems, resulting in enumerated damages when sewage was discharged onto Plaintiffs' property in violation of law (Mississippi Air and Water Pollution Control Law, Miss. Code Ann. 49-17-29) .   Exhibit 1 at pages 4-5.

33. Count II of the Amended Complaint alleges the Defendants to the lawsuit attached as Exhibit 1 commit a continuing trespass by their unauthorized and unlawful invasions of property owned by plaintiffs in the lawsuit attached as Exhibit 1 by diverting/discharging stormwater and by causing or allowing intrusion and accumulation of raw sewage from said defendants' property onto said Plaintiffs' property.

34. Count III of the Amended Complaint alleges a private nuisance created by the Defendants to the lawsuit attached as Exhibit 1 by pooling of stormwater and raw sewage from said defendants' property onto Plaintiffs' property, substantially and unreasonably interfering with said plaintiffs' use and enjoyment of their land due to noxious odors and serious health risks.

35. Coverage for the liabilities and damages demanded by the plaintiffs in the lawsuit attached as Exhibit 1 is excluded under the sections of the Policy attached as Exhibit 2 more particularly described in Paragraphs 16-27 above.

36. For the reasons set forth above, SafePoint seeks a declaration that its insurance policy contract provides no coverage for claims and damages sought specifically by plaintiffs William John Garriga and Berthie Faye Garriga, as trustees of the B&F Living Trust, Kirstin Garriga and/or Brent Garriga against the defendants, DCD Development, LLC, David Curtis Dreher, Jr., and Lynsey Davis Dreher in a matter filed in the County Court of Harrison County, Mississippi, First Judicial District, bearing Cause No D2401-25-1537, and that SafePoint has no duty to defend or

8

indemnify DCD Developments, LLC David Curtis Dreher, Jr. and/or Lynsey Davis Dreher against the underlying claims and litigation set forth in said lawsuit.

37. A genuine controversy exists which requires this Court's adjudication as to the lack of existence of coverage in the matter attached as Exhibit1 and SafePoint request an adjudication from this Court as to its contractual responsibilities.

**WHEREFORE, PREMISES CONSIDERED**, SafePoint Insurance Company respectfully requests this Court enter a declaratory judgment in its favor declaring that no coverage exists for the damages sought by the plaintiffs in the causes of action asserted against its policyholder and other defendants under the referenced SafePoint policy, and thus no duties exist to indemnify nor to defend as to the allegations of said lawsuit.

Respectfully submitted,

**SAFEPOINT INSURANCE COMPANY**
Plaintiff

BY:  **DEUTSCH KERRIGAN, L.L.P.**

/s/  R. Douglas Vaughn
R. Douglas Vaughn (MSB #99404)

R. Douglas Vaughn (MSB #99404)
**DEUTSCH KERRIGAN, L.L.P.**
2510 14th Street, Suite 1001
Gulfport, MS  39501
Telephone: (228) 864-0161
dvaughn@deutschkerrigan.com
*Attorneys for Safepoint Insurance Company*